**UNITED STATES of America,**
**Appellee,**

v.

**Michael LA BARBARA, Hugh Callan, Dominick Piccirillo and Alexander Piccirillo, Defendants-Appellants.**

**No. 147, Docket 25898.**

United States Court of Appeals
Second Circuit.

Argued Dec. 7, 1959.

Decided Jan. 4, 1960.

548

Louis Kaye, New York City, and
Charles A. Stanziale, Newark, N. J., for
appellants, Louis Kaye, New York City,
on the brief.

Cornelius W. Wickersham, Jr., U. S.
Atty., Brooklyn, N. Y., for appellee,
James M. Catterson, Jr., Asst. U. S.
Atty., Long Island City, N. Y., of coun-
sel.

Before SWAN, LUMBARD and FRIENDLY, Circuit Judges.

PER CURIAM.

The four appellants were brought to trial, with two codefendants, on a nine count indictment. Seven counts charged substantive violations of the alcohol tax laws, and two counts charged conspiracy to violate such laws. The first three counts charged violations between March 1956 and May 1956 by La Barbara, Callan and Ferrara, one of the co-defendants.[1] Appellants La Barbara and Callan were convicted by the jury's verdict on counts one and three. They were also convicted on count four, which charged a conspiracy between November 21, 1955 and June 30, 1956 to violate the statutes set forth in footnote one.[2] Counts six, seven and eight charged that between September 1, 1956 and April 25, 1957 La Barbara, Alexander Piccirillo and Reinard, the other co-defendant, committed substantive offenses in violation of the same statutes mentioned in counts one, two and three respectively. Count nine charged a conspiracy between these three defendants and Dominick Piccirillo to commit the aforesaid substantive crimes. Dominick Piccirillo was convicted on count nine; La Barbara and Alexander Piccirillo were convicted on substantive counts six, seven, and eight, as well as the conspiracy count. All of the counts of the indictment had to do with a still in Nesconsit, Long Island, New York, seized under a search warrant in April 1957. No person was then found at the still, nor was it then in operation.

The principal contention of the appellants is that the evidence is insufficient to justify finding them guilty either of conspiracy or of substantive offenses.

1. Count one charged possession and custody of a still and distillery apparatus without registration, in violation of 26 U.S.C. §§ 5174 and 5601.

Count two charged illegally carrying on the business of a distiller, in violation of 26 U.S.C. §§ 5176(a) and 5606. Ferrara pleaded guilty to this count and testified for the Government. For reasons explained in the court's charge, count two was dismissed as to La Barbara and Callan.

Count three charged fermenting mash, in violation of 26 U.S.C. §§ 5216 and 5608.

2. Count five charged Reinard only with violating 26 U.S.C. § 5008(b) (1), and is not involved in the appeal.

The chief witnesses against them were the co-defendants who pleaded guilty and testified for the Government. Ferrara testified as to the period prior to June 30, 1956. He was corroborated in important respects by his estranged wife, who testified as Donna Rose, as well as by reasonable inferences to be drawn from circumstantial evidence. Reinard testified as to the later period. His testimony, if credited, was a complete demonstration of the guilt of La Barbara and the two Piccirillos. He also was corroborated by his wife. We think it would serve no useful purpose to reproduce in this opinion a detailed recital of the evidence. It will suffice to say that the entire record has been examined and we are satisfied that the verdict is supported as to each of the appellants.

Appellants claim error in denial of a motion for a mistrial based on a story which appeared in two Long Island newspapers. On the first day of the trial, La Barbara was arrested on a charge of operating another illegal still on Long Island. On the next day, Friday, at the request of the Assistant United States Attorney, the court warned the jurors not to read anything in the newspapers that might concern any defendant on trial. The story was published on Saturday. On Monday, counsel for La Barbara called the newspaper story to the court's attention and moved for a mistrial. Counsel for the other defendants (now appellants) joined in the motion. The court inquired of the jury whether any of them had read a story in the press touching a defendant, and, on receiving no response, said "I think that means that you each answer no: is that correct?" The lady foreman said: "Correct." The motion was denied. Under these circumstances we can see no abuse of discretion in denying the motion. Counsel did not request any individual examination of the jurors, and there is nothing to indicate that any of them did read the story.

Finally, appellants claim error in the charge. We have read it with care and think it was expressed with clarity and was entirely adequate. Exceptions were taken to denial of three of the requests to charge. Two of these (Nos. 14 and 15) were then granted. The other (No. 22) had to do with reasonable doubt, and on this subject the jury had already been adequately charged. Complaint as to the illustration in the charge of examining a monthly bank statement is trivial and could not possibly have misled the jury. Reference to the existence of a still on the premises was true.

Judgment affirmed.